UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST HOME, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHOPRIME CORP., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01915-DMR<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 18 |

Plaintiff August Home, Inc. alleges trademark infringement and related claims against Defendants Shoprime Corp. and Royal Music, LLC ("Shoprime" or "Defendants"). Plaintiff now moves for leave to serve Shoprime by publication. This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion is denied without prejudice.

**I.　BACKGROUND**

　　**A.　Allegations and Claims**

Plaintiff manufactures and retails a variety of "smart home entry products," including locksets (the "Products"). Compl. ¶ 4 [Docket No. 1]. The Products bear various trademarks, including: AUGUST (Reg. No. 4818400), AUGUST ACCESS (Reg. No. 5541349), AUGUST CONNECT (Reg. No. 4861042), AUGUST SMART LOCK (Reg. No. 4676625), and others (the "Marks"). *Id.* ¶ 15. Plaintiff sells its products through its own website, through resellers such as Home Depot and Best Buy, and through e-commerce websites, including Amazon. *Id.* ¶ 17. Plaintiff alleges that only authorized resellers and distributors are licensed to use the Marks in their marketing and sale of the Products. *Id.* ¶ 18.

Under Amazon's Marketplace Guidelines, any product listed as "New" comes with the "original manufacturer's warranty, if any." *Id.* ¶ 24. Plaintiff, however, only provides a warranty

on products that are purchased through authorized resellers and distributors. *Id.* ¶ 21. Defendants, who are not authorized resellers or distributors, list and sell the Products on Amazon as "New." *See id.* ¶ 5. They have not obtained a license to use the Marks in advertising and selling the Products. *Id.* ¶¶ 5, 25. According to Plaintiffs, Defendants' advertising the Products as "New" wrongly implies that they are covered by Plaintiff's warranty. *Id.* This advertising misrepresents the Products because they are in fact not sold through an authorized reseller or distributor, and therefore they do not carry Plaintiff's warranty. *Id.* ¶¶ 1, 5, 25. Also, because all sales of a particular product correspond to the same Amazon Standard Identification Number, consumers may not know whether the product comes from an authorized or unauthorized reseller. *Id.* ¶ 20.

Plaintiff alleges that Defendants' unauthorized sales of the Products interferes with Plaintiff's business. Defendants list the Products for a lower price than that set by Plaintiff, and Amazon matches the lower price, which drives down Plaintiff's revenue from sales of the Products. Compl. ¶¶ 8, 19, 26. Further, Defendants' practices that misleadingly imply that the Products are covered by Plaintiff's warranty allegedly harm Plaintiff's reputation among consumers, who believe they are purchasing the Products "New" and thereby under Plaintiff's warranty. *Id.* ¶¶ 27, 40-42, 53-54, 61-62.

Plaintiff brings claims for trademark infringement and trademark dilution under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; state law trademark infringement, Cal. Bus. & Prof. Code §§ 14320 *et seq.*; and interference with contractual relations. The clerk entered default against Defendant Royal Music, LLC on April 29, 2021. [Docket No. 15.] Plaintiff has not yet moved for entry of default against Defendant Shoprime.

**B.     Service**

Since Plaintiff filed its complaint on March 18, 2021, it has repeatedly attempted to accomplish service on Shoprime without success. According to Plaintiff's counsel, on March 25, 2021, Plaintiff caused a registered process server to attempt service of the complaint and summons at an address in Brooklyn, New York that Shoprime registered with the New York Secretary of State's Office as well as with Amazon. Declaration of Robyn C. Callahan ("Callahan Decl.")

¶ 3(a); Ex. A [Docket No. 18-1]. That address apparently belonged to Defendant's agent for service of process Eli Alhalabi, whom Defendant identified via the New York Secretary of State's website. *Id.* ¶ 2. According to the process server, the current tenant at that location reported that Defendant and Alhalabi were "here a year ago, but since then ha[ve] moved out" without leaving a forwarding address. Callahan Decl. Ex. A. The process server made a second unsuccessful attempt at that address on March 26, 2021. *Id.*

On April 9, 2021, Plaintiff caused a process server to attempt service at an address in the Bronx, New York. Callahan Decl. ¶ 3(b); Ex. B.[1] The process server reported that the address "consist[ed] of three businesses." Callahan Decl. Ex. B. She spoke with employees at different entities at the address, and no one there knew of Defendant or Alhalabi. *Id.* It is not clear how Plaintiff found this address or how it is connected to Shoprime or Alhalabi.

On April 15, 2021, Plaintiff attempted service through the New York Secretary of State's office, with which Shoprime is registered. Callahan Decl. ¶ 3(c); Ex. C. The Secretary of State rejected service because this action is filed outside of New York. Callahan Decl. Ex. C.

On May 25, 2021, Plaintiff caused a process server to attempt service at a different address in Brooklyn, New York that counsel located. Callahan Decl. ¶ 3(d); Ex. D. The process server reported that three families resided at that address, none of whom were related to Defendant. Callahan Ex. D. The occupants did "recall" that Alhalabi "used to reside [t]here a long time ago, but since then had moved out" without leaving a forwarding address. *Id.*

Plaintiff's counsel asserts that she has also unsuccessfully searched for websites, email addresses, Facebook, and LinkedIn profiles for Defendant or Alhalabi. Callahan Decl. ¶ 4. Plaintiff now seeks to accomplish service through publication.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California law allows for service of a summons by

---

[1] There is a typographical error in Callahan's declaration. She reports that this second attempt occurred on April 15, while the relevant exhibit dates the attempt on April 9.

publication "if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" of service, and "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The summons must be "published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served" and comply with the provisions of Government Code section 6064. *Id.* § 415.50(b)-(c).[2] "Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland*, No. 05-cv-2780-EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)). "If a defendant's address is ascertainable, a method of service superior to publication must be employed," such as mail or substitute service. *Watts*, 10 Cal. 4th at 749 n.5; *see* Cal. Civ. Proc. Code § 415.10-.40.

The "reasonable diligence" requirement of section 415.50 "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749 n.5 (citation omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Id.* The determination of reasonable diligence is fact and case specific. *Hernandez v. Srija, Inc.*, No. 19-1813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019); *see Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996) ("[T]he showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case." (citation omitted)).

The party seeking service by publication also must demonstrate that a cause of action exists against the party to be served. Cal. Civ. Proc. Code § 415.50(a)(1). "The plaintiff 'must offer independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'" *Hernandez*, 2019 WL 4417589, at *2 (quoting

---

[2] "Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day." Cal. Gov't Code § 6064.

4

*Cummings v. Brantley Hale*, No. 15-cv-4723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)). "The declaration must be signed by someone with personal knowledge of the essential facts." *Id.* "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Cummings*, 2016 WL 4762208, at *3.

**III.    DISCUSSION**

Plaintiff's attempts to accomplish personal service to date do not demonstrate that it has conducted the "thorough, systematic investigation and inquiry" to warrant service by publication. *See Watts*, 10 Cal. 4th at 749 n.5. "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad . . . avenues' have been properly exhausted to warrant service by publication." *Duarte*, 2008 WL 683427, at *1 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978) (ruling that "the single act of searching telephone directories" did not constitute reasonable diligence in attempting to locate defendant so as to justify service by publication)). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." *Hernandez*, 2019 WL 4417589, at *2 (quoting *Kott*, 45 Cal. App. 4th at 1137 (citations omitted)).

In *Duarte*, the court determined that the plaintiff's multiple attempts at personal service "failed to show that he 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Duarte*, 2008 WL 683427 at *2-3 (quoting *Donel*, 87 Cal. App. 3d at 333). Duarte also conducted Internet searches and spoke with neighbors at addresses they located, but all attempts to locate the defendants were unsuccessful. *Id.* at *2. The court ruled that Duarte did not establish, for example, that he searched in any local city or telephone directories; contacted the defendants' family, neighbors or last known employers and co-workers, or otherwise had shown that service could be accomplished by other means such as substitute service or service by mail. *Id.* at *2-3. The court observed that the plaintiff had not

1    attempted service by mail, which "may have been fruitful as it may have resulted in obtaining a
2    forwarding address," especially as the current residents at one defendant's former address only had
3    lived there for six months. *Id.* at *3.
4          Similar to *Duarte*, Plaintiff has not conducted a sufficiently diligent investigation into
5    Shoprime.  Plaintiff's process server made four attempts to personally serve the summons on
6    Alhalabi—twice to one Brooklyn address over the span of two days, once to the Bronx address,
7    and once to a second Brooklyn address.  Callahan Decl. Exs. A, B, D.  Plaintiff did not endeavor
8    to serve Defendant or Alhalabi by mail at any of these addresses, which could have prompted a
9    forwarding address from the postal service, or by substitute service.  Mail service and inquiries
10   with the post office at the first Brooklyn address may have been "fruitful" because, according to
11   the process server's notes, Alhalabi and Shoprime only moved out within the past year.  *See*
12   Callahan Decl. Ex. A; *Duarte*, 2008 WL 683427, at *3 (mail service may be been "fruitful" where
13   current residents lived at address only six months prior).
14         Plaintiff also did not conduct a thorough attempt to locate Alhalabi.  The court is left to
15   guess about who Alhalabi is and his connection to Shoprime.  Plaintiff only ascertained at the
16   outset that Alhalabi was registered as Defendant's agent for service of process and conducted
17   some Internet and social media searches.  *See* Callahan Decl. ¶¶ 2, 4.  Plaintiff did not make an
18   "inquiry of [Alhalabi's] relatives, friends, and acquaintances, or of his employer," or look up
19   Alhalabi in the "appropriate city and telephone directories, the voters' register, and the real and
20   personal property index in the assessor's office, near the defendant's [or Alhalabi's] last known
21   location," or in other relevant records.  *Kott*, 45 Cal. App. 4th at 1137; *see Duarte*, 2008 WL
22   683427, at *2.  Nor did Plaintiff conduct any other investigations into other individuals or entities
23   that might be associated with Shoprime.  Are there other owners, operators, or administrators that
24   could accept substitute service?  Did Plaintiff search for other busines records besides the filing
25   with the Secretary of State's office?  These are the types of inquiries that someone who "truly
26   desired to give notice would have taken under the circumstances.'"  *Duarte*, 2008 WL 683427, at
27   *2-3 (quoting *Donel*, 87 Cal. App. 3d at 333).
28         Plaintiff's cases supporting service by publication are distinguishable.  In *Giorgio v.*

*Synergy Management Group, LLC*, 231 Cal. App. 4th 241 (2014), besides attempting personal service six times, the plaintiff obtained a verification from the postal service that the defendant continued to receive mail at that address and had not changed his address, *id.* at 248-49. Therefore, the plaintiff had reason to believe that it had located an accurate address but that simply "no one would answer the door." *Id.* at 249. Plaintiff has not so identified an accurate address for Shoprime. Also, in *United States v. Benson*, No. 19-5454, 2019 WL 6612246 (N.D. Cal. Dec. 5, 2019), the government provided evidence that the entity to be served was likely a fictitious or a sham corporation, and it could not locate any relatives of the defendant who could provide information about the entity, *id.* at *2-3. The government also attempted service by other means. *Id.* at *2. Here, Plaintiff has not shown that it has undertaken a systematic investigation to locate Alhalabi or other individuals with a connection to Shoprime, nor that it attempted service by other means.

Plaintiff additionally argues that Defendant has "evade[d] service," which favors service by publication. "[W]hen there is evidence that a defendant is evading service, courts are more willing to allow alternative methods such as service by publication." *Felix v. Anderson*, 14-cv-3809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super. Ct.*, 195 Cal. App. 2d 779, 786 (1961)). "A person who deliberately conceals himself to evade service of process is scarcely in a position to complain overmuch of unfairness in substitutive methods" of service. *Miller*, 195 Cal. App. 2d at 786. Actual notice of the lawsuit "bolster[s] the case for service by publication" in the event of possible evasion of service. *Hernandez*, 2019 WL 4417589, at *3.

In *Felix*, the plaintiffs showed that they investigated the defendant's address, attempted personal service ten times, and communicated with the defendant and defendant's attorneys. 2015 WL 545483, at *3. The defendant had "actual notice" of the pending suit, as one of its attorneys reached out to plaintiffs' counsel regarding the case. *Id.* The court held that "[t]he evidence suggests that Defendant is aware of the pending litigation against her and is evading service," so service by publication was appropriate—*after* the plaintiffs attempted service by mail. *Id.*

Here, Plaintiff has not offered evidence that Shoprime was evading service, as required by

7

the California Court of Appeal in *Miller*, or that Shoprime is even aware of the suit.  Unlike in *Felix*, Plaintiff has not demonstrated that Shoprime or Alhalabi—or their counsel—have actual notice of this lawsuit.  Plaintiff simply asserts that failing to update Shoprime's service address on the New York Secretary of State's website or the Amazon Storefront shows evasion of service.  Mot. at 7.  However, the Secretary of State refused service not because of an inaccurate address, but rather because the action was filed in California, not New York.  *See* Callahan Decl. ¶ 3(c); Ex. C; *see id.* (failing to mark "No Records Located" on the form).  Plaintiff does not point to anything in the Secretary of State's response to show that the lack of updated address is probative of evasion of service.  Plaintiff also contends that the absence of a public website or public email "calls into question" whether Shoprime is evading service, but, without more, this fact does not show a deliberate intent by Shoprime to conceal itself.  Mot. at 7; Callahan Decl. ¶¶ 2, 4; *see Miller*, 195 Cal. App. 2d at 786.  In sum, Plaintiff has not sufficiently shown the "thorough, systematic investigation and inquiry" to warrant the "last resort" option of service by publication.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied without prejudice.  The court further notes that Plaintiff has not filed the required affidavit establishing that it has a claim against Shoprime.  While the Callahan Declaration describes the attempts the process server undertook to effectuate service, it does not provide any independent evidentiary support for the existence of a cause of action.  *See* Cal. Civ. Proc. Code § 415.50(a)(1); *Hernandez*, 2019 WL 4417589, at *3 (denying motion absent the required affidavit while also questioning plaintiff's reasonable diligence to permit service by publication); *Cummings*, 2016 WL 4762208, at *3 (finding reasonable diligence but denying motion for failing to provide the required affidavit).

**IT IS SO ORDERED.**

Dated: November 15, 2021



_____
Donna M. Ryu
United States Magistrate Judge